UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAYMOND NAWAS,

        Plaintiff,                        CIV. NO. 13-11158

       v.                            HON. TERRENCE G. BERG

                                     HON. MONA K. MAJZOUB

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY,

        Defendant.
_____/

**OPINION AND ORDER DENYING DEFENDANT'S
MOTION TO DISMISS OR, IN THE ALTERNATIVE,
FOR PARTIAL SUMMARY JUDGMENT (DKT. 14)**

      This is a case for no-fault insurance benefits, following a motor vehicle accident which allegedly occurred on December 5, 2011. Plaintiff Raymond Nawas ("Plaintiff") claims that his insurance company – Defendant State Farm Mutual Automobile Insurance Company ("Defendant") – refused to pay his medical bills in the wake of this accident. As a result, Medicare stepped in and conditionally paid Plaintiff's medical bills, until Defendant's responsibility in this matter could be determined.

      Before the Court is Defendant's motion to dismiss or for partial summary judgment (Dkt. 14). Defendant seeks dismissal of Count II of Plaintiff's Complaint, which brings a claim under the Medicare Secondary Payer Act, 42 U.S.C. § 1395y.

Plaintiff filed a response brief (Dkt. 16) and the Court heard oral argument on April 23, 2014.

Defendant makes two arguments: (1) that Plaintiff has no private cause of action under the Medicare Secondary Payer Act, because he did not allege that Defendant denied coverage based on the fact that Plaintiff was eligible for Medicare (citing *Michigan Spine & Brain Surgeons, PLLC v. State Farm Mut. Auto. Ins. Co.*, 12-11329, 2013 WL 5435284 (E.D. Mich. Sept. 27, 2013); and (2) that Plaintiff's claim is premature, because a claim under the Medicare Secondary Payer Act cannot be pursued until Defendant's obligation to pay Plaintiff's underlying no-fault insurance claim has been established by a judicial determination or settlement.

After the Court heard oral argument on Defendant's motion, the Sixth Circuit reversed the *Michigan Spine* district court decision upon which Defendants relied in support of its first argument for dismissal. *See Michigan Spine & Brain Surgeons, PLLC v. State Farm Mut. Auto. Ins. Co.*, 758 F.3d 787 (6th Cir. 2014). Defendant has consequently withdrawn this argument, and is pursuing only its second argument (Dkt. 30). For the reasons set forth below, Defendant's motion to dismiss, or for partial summary judgment on, Plaintiff's Medicare Secondary Payer Act claim is **DENIED.**

## DISCUSSION

### A.  *Standard of Review*

"The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief if all the facts and allegations in the complaint are taken as true." *Rippy ex rel. Rippy v. Hattaway*, 270 F.3d 416, 419 (6th Cir. 2001) (citing *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993)). Under Rule 12(b)(6), the complaint is viewed in the light most favorable to the plaintiff, the allegations in the complaint are accepted as true, and all reasonable inferences are drawn in favor of the plaintiff. *See Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). "[A] judge may not grant a Rule 12(b)(6) motion based on a disbelief of a complaint's factual allegations." *Saglioccolo v. Eagle Ins. Co.*, 112 F.3d 226, 228–29 (6th Cir. 1997) (quoting *Columbia Nat'l Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "However, while liberal, this standard of review does require more than the bare assertion of legal conclusions." *Tatum*, 58 F.3d at 1109; *Tackett v. M & G Polymers, USA, L.L.C.*, 561 F.3d 478, 488 (6th Cir. 2009). "To survive a motion to dismiss, [a plaintiff] must plead enough factual matter that, when taken as true, state [s] a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007) (internal quotations omitted). Plausibility requires showing more than the "sheer possibility of relief but less than a probab[le] entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted); *Fabian v. Fulmer Helmets, Inc.*, 628 F.3d 278, 280 (6th Cir. 2010). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it

3

'stops short of the line between possibility and plausibility of entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

Consideration of a motion to dismiss under Rule 12(b)(6) is confined to the pleadings. *See Jones v. City of Cincinnati*, 521 F.3d 555, 562 (6th Cir. 2008). Assessment of the facial sufficiency of the complaint ordinarily must be undertaken without resort to matters outside the pleadings. *See Wysocki v. Int'l Bus. Mach. Corp.*, 607 F.3d 1102, 1104 (6th Cir. 2010). However, "documents attached to the pleadings become part of the pleadings and may be considered on a motion to dismiss." *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 335 (6th Cir. 2007) (citing Fed. R. Civ. P. 10(c)); *see also Koubriti v. Convertino*, 593 F.3d 459, 463 n. 1 (6th Cir. 2010). Even if a document is not attached to a complaint or answer, "when a document is referred to in the pleadings and is integral to the claims, it may be considered without converting a motion to dismiss into one for summary judgment." *Commercial Money Ctr.*, 508 F.3d at 335–36. If the plaintiff does not directly refer to a document in the pleadings, but that document governs the plaintiff's rights and is necessarily incorporated by reference, then the motion need not be converted to one for summary judgment. *See Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997). In addition, "a court may consider matters of public record in deciding a motion to dismiss without converting the motion to one for summary judgment." *Northville Downs v. Granholm*, 622 F.3d 579 (6th Cir. 2010) (citing *Commercial Money Ctr., Inc.*, 508 F.3d at 335–36).

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *See* Fed. R. Civ. P. 56. A fact is material only if it might affect the outcome of the case under the governing law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). On a motion for summary judgment, the Court must view the evidence, and any reasonable inferences drawn from the evidence, in the light most favorable to the non-moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citations omitted); *Redding v. St. Edward*, 241 F.3d 530, 531 (6th Cir. 2001).

The moving party has the initial burden of demonstrating an absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the moving party carries this burden, the party opposing the motion "must come forward with specific facts showing that there is a genuine issue for trial." *Matsushita*, 475 U.S. at 587. The Court must determine whether the evidence presents a sufficient factual disagreement to require submission of the challenged claims to a jury or whether the moving party must prevail as a matter of law. *See Anderson*, 477 U.S. at 252 ("The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff").

Moreover, the trial court is not required to "search the entire record to establish that it is bereft of a genuine issue of material fact." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479–80 (6th Cir. 1989). Rather, the "nonmoving party has

5

an affirmative duty to direct the court's attention to those specific portions of the record upon which it seeks to rely to create a genuine issue of material fact." *In re Morris*, 260 F.3d 654, 655 (6th Cir. 2001).

### B. Plaintiff's Medicare Secondary Payer Act Claim May Proceed

Medicare is a federal government health insurance program that provides benefits to individuals who are 65 years of age or older, disabled, or have end-stage renal disease. *See* 42 U.S.C. § 1395c. Although Medicare was at one time the primary payer of health costs for eligible individuals, escalating health care costs led Congress to enact the Medicare Secondary Payer Act. *See Stalley v. Methodist Healthcare*, 517 F.3d 911, 915 (6th Cir. 2008). The Medicare Secondary Payer Act "designates certain private entities – such as a group health plan, a worker's compensation plan, or an automobile or liability insurance plan – as 'primary payers' that have the responsibility to pay for a person's medical treatment." *Id*. Under this Act, Medicare does not have to pay if payment for covered medical services has been or is reasonably expected to be made by a primary payer. *See id.*; 42 U.S.C. § 1395y(b)(2)(A). However, "[i]f the primary payer has not paid and will not promptly do so," Medicare is empowered to "conditionally pay the cost of the treatment." *Stalley*, 517 F .3d at 915; *see* 42 U.S.C. § 1395y(b)(2)(B)(i). Medicare may then seek reimbursement for any conditional medical payments from the primary payer. *See Stalley*, 517 F.3d at 915; 42 U.S.C. § 1395y(b)(2)(B)(iii).

In addition, "[t]he Medicare Secondary Payer Act also creates a private right of action, with double recovery, to encourage private parties who are aware of non-payment by primary plans to bring actions to enforce Medicare's rights." *Stalley*, 517 F.3d at 916 (citing 42 U.S.C. § 1395y(b)(3)(A)). The private cause of action provision states, "[t]here is established a private cause of action for damages (which shall be in an amount double the amount otherwise provided) in the case of a primary plan which fails to provide for primary payment (or appropriate reimbursement) in accordance with paragraphs (1) and (2)(A)." 42 U.S.C. § 1395y(b)(3)(A). Paragraph (1) imposes certain requirements on group health plans, including, inter alia, prohibiting them from taking into account whether an individual covered by the plan is entitled to Medicare benefits. *See Bio–Medical Applications of Tenn., Inc. v. Cent. States Southeast & Southwest Areas Health & Welfare Fund*, 656 F.3d 277, 285 (6th Cir. 2011). Paragraph (2)(A) states that Medicare "may not pay when a primary plan is reasonably expected to pay under paragraph (1), 'except as provided in subparagraph [2](B).'" *Id*. In turn, subparagraph (2)(B) provides that Medicare may make conditional payments for items and services when the primary plan "'cannot reasonably be expected' to pay 'promptly.'" *Id*. In this case, Plaintiff alleges that, since Defendant refused to pay his no-fault insurance claim following an automobile accident, Medicare stepped in and made conditional payments to his medical providers (Dkt. 1, Ex. 1, Compl. ¶ 16). Plaintiff thus seeks to recover from Defendant double the amount of these conditional payments (*Id*. ¶ 18).

7

As noted earlier, Defendant's sole remaining argument is that Plaintiff's Medicare Secondary Payer Act claim is premature, because there has been no judicial determination or settlement establishing Defendant's responsibility to pay Plaintiff's underlying no-fault claim. This argument turns on the interpretation of the Medicare Secondary Payer Act's "demonstrated responsibility" provision, which states in pertinent part: "A primary plan ... shall reimburse [Medicare] for any payment made by [Medicare] ... with respect to an item or service if it is demonstrated that such primary plan has or had a responsibility to make payment with respect to such item or service. A primary plan's responsibility for such payment may be demonstrated by a judgment, a payment conditioned upon the recipient's compromise, waiver, or release (whether or not there is a determination or admission of liability) of payment for items or services included in a claim against the primary plan or the primary plan's insured, or by other means." 42 U.S.C. § 1395y(b)(2)(B)(ii).

In support of this argument, Defendant cites two cases: *Geer v. Amex Assurance Co.*, 09-11917, 2010 WL 2681160 (E.D. Mich. July 6, 2010) and *Glover v. Liggett Group, Inc.*, 459 F.3d 1304, 1309 (11th Cir. 2006). *Geer* accepted this argument, and dismissed a plaintiff's Medicare Secondary Payer Act claim in the insurance context, as the plaintiff had not yet "established" a claim against the defendant insurance company through a judgment, settlement, or the like. In so doing, *Geer* adopted the reasoning of *Glover*, which arose in the context of a tort claim brought by a plaintiff against a cigarette manufacturer.

8

Having considered the reasoning of these cases, the Court concludes that Defendant's argument is not well-taken. First, the Sixth Circuit disavowed the position taken by the Eleventh Circuit in *Glover*, and limited this argument to tortfeasor liability only. In *Bio-Medical Applications v Central States*, 656 F 3d 277 (6th Cir. 2011) the Sixth Circuit conducted an extensive analysis of the Medicare Secondary Payer Act's "demonstrated responsibility" provision. The Court reviewed the *Glover* case – which is at the core of Defendant's argument – and disagreed with its rationale. Ultimately, the Sixth Circuit in *Bio-Medical* held that the "demonstrated responsibility" language does not prohibit (or delay) direct actions against insurance companies by policy holders seeking to enforce Medicare's Secondary Payer Act rights:

> We believe that Congress added the "demonstrated responsibility" provision as a limiting principle only for tortfeasor liability under the Act. Although the text of that provision is addressed to all "primary plans" – the Act's broadest category of private insurer, *see id*. § 1395y(b) (2)(A), which includes "selfinsured plans," and therefore (after the 2003 amendments) tortfeasors – the context of its inclusion strongly suggests that Congress intended it only as a condition precedent to tortfeasor liability. As discussed above, Congress added the provision in the Medicare Modernization Act, in direct response to cases that prevented tortfeasor liability, as part of an effort to amend the Act to permit tortfeasor liability. The Medicare Modernization Act made no other major changes to the Medicare Secondary Payer Act, so there is no reason to believe that Congress intended to affect the liability of primary plans other than tortfeasors – that is, traditional primary plans, like private insurers.
>
> Moreover, the concept of demonstrated responsibility makes sense only in the context of tort (where no evidence of responsibility exists until it is adjudicated ex post), rather than in the context of an insurance contract (where insurers assume the responsibility of paying for enumerated contingencies ex ante). *See Mason* [*v. Am. Tobacco Co.*, 346 F.3d 36, 42 (2nd Cir. 2003)] (discussing, in one of the very cases that precipitated Congress' amendments to the Act, this problem with tortfeasor liability under the Act:

9

"alleged tortfeasors ... have yet to assume the medical costs of any identifiable group of individuals").

Accordingly, we hold that the "demonstrated responsibility" provision limits only lawsuits against tortfeasors, not lawsuits against private insurers.

*Bio-Medical*, 656 F 3d at 290-291. Thus, Defendant's position is not tenable under controlling Sixth Circuit precedent. To the extent that *Geer* relied on the Eleventh Circuit's holding in *Glover*, it appears to have done so in contravention of the Sixth Circuit's holding in *Bio-Medical*, to which this Court must adhere.

Second, the Sixth Circuit's recent holding in *Michigan Spine & Brain Surgeons, PLLC v. State Farm Mut. Auto. Ins. Co.*, 758 F.3d 787 (6th Cir. 2014) implicitly supports this conclusion. *Michigan Spine* permitted a Medicare Secondary Payer Act claim to proceed against the defendant – also State Farm – prior to any judicial determination or settlement against State Farm; in other words, prior to any "demonstrated responsibility" on the part of State Farm to pay an underlying no-fault claim. Accordingly, Defendant's motion to dismiss or for summary judgment must be, and is hereby, denied.

## CONCLUSION

For the reasons set forth above, Defendant's motion to dismiss or for summary judgment (Dkt. 14) is **DENIED**.

**SO ORDERED.**

s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE

Dated: September 15, 2014

10

## Certificate of Service

I hereby certify that this Order was electronically submitted on September 15, 2014, using the CM/ECF system, which will send notification to each party.

                                        By: s/A. Chubb
                                              Case Manager